FILED
CLERK OF COURT
2025 OCT 13 PM 5:50
SUPERIOR COURT
OF GUAM

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CF0046-25** |
| | ) | GPD REPORT NO. 25-00446 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| **VINCENT ANTHONY COTO,** | ) | DECISION AND ORDER |
| aka Vincent A. Coto, | ) | RE. PEOPLE'S MOTION TO |
| DOB: 07/25/1989 | ) | DISMISS WITHOUT PREJUDICE; |
| | ) | ORDER DISMISSING CASE WITHOUT |
| Defendant. | ) | PREJUDICE; CLOSING CASE |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon upon the People of Guam's ("the People") Motion to Dismiss Without Prejudice (the "Motion"). Representing Defendant Vincent Anthony Coto ("Defendant") is defense counsel Attorney Louie J. Yanza. Representing the People of Guam ("the People") is Assistant Attorney General Christine S. Tenorio. The Court took the Motion under advisement pursuant to CR 1.1(g)(4)(B) and CVR 7.1(e)(6)(E) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM on July 14, 2025.

After having reviewed the pleading on file herein, the record of this matter and the applicable law, the Court issues the following Decision and Order **GRANTING** People's Motion to Dismiss without Prejudice.

//

//

## PROCEDURAL AND FACTUAL BACKGROUND

**A. The Indictment and Procedural History.**

This matter began on January 28, 2025, upon the grand jury returning an Indictment against the Defendant of the following offenses: the First Charge of Aggravated Assault (As a Second Degree Felony) with *Special Allegation: Possession and Use of a Deadly Weapon in the Commission of a Felony*, the Second Charge of Strangulation (As a Third Degree Felony) with *Special Allegation: Possession and Use of a Deadly Weapon in the Commission of a Felony*, the Third Charge of Interfering with the Reporting of Family Violence (As a Third Degree Felony), and the Fourth Charge of Family Violence (As a Misdemeanor). *See Indictment* (Jan. 28, 2025).

At his arraignment on February 27, 2025, the Defendant pled not guilty and waived his speedy trial rights. *Min. Entry* (Feb. 27, 2025). Subsequently, on April 18, 2025, the Defendant asserted his speedy trial rights. *Assertion of Speedy Trial* (Apr. 18, 2025). Jury Selection and Trial was scheduled for June 11, 2025. *See Criminal Trial Scheduling Order [Asserted]* (Apr. 18, 2025).

The day before the Pre-Trial Conference, the People filed their Motion to Dismiss Without Prejudice on May 19, 2025. At the Pre-Trial Conference on May 20, 2025, the Court granted the People's Motion while reserving judgment on issue of whether to dismiss the matter with or without prejudice. *Min. Entry* (May 20, 2025).

The Court held a Motion Hearing on July 14, 2025, wherein the Defendant and defense counsel were not present for the hearing. *Min. Entry* (Jul. 14, 2025). The Court did not take oral arguments and placed the matter under advisement. *Id.*

**B. Defendant asserts that dismissal with prejudice is appropriate due to the Victim's unavailability for trial.**

In the Defendant's Brief in Support of Dismissal with Prejudice (May 27, 2025), the Defendant asserts that "there is no possible way the alleged victim would voluntarily return to

Guam to testify against Defendant in light of her arrest warrant." *Deft.'s Brief* at 3. Because a warrant for the Victim's arrest was issued in CF0130-25, it would be impractical for charges to be refiled. *Id.* Further, the Defendant would be assigned to a different jurisdiction for military service in the next few months. *Id.*

The People submit in their Amended Submission that the People, on good faith, moved to dismiss the matter due to the Victim's unavailability. *See Ppl.'s Amend. Subm.* (Jul.14, 2025) at 3.[1] The People do not foreclose on the possibility that the Victim would return before the statute of limitations run. *Id.* There was no bad faith on the part of the People to move for dismissal because the Victim's case did not exist at the time of this prosecution, so the People could not foresee the Victim absconding. *Id.* The Defendant's speedy trial rights were not violated due to this matter's dismissal. *Id.* Thus, because of the People's good faith-basis for dismissal, dismissal without prejudice is appropriate. *Id.*

## DISCUSSION

Guam law provides the procedure upon which a prosecutor may move for case dismissal. 8 GCA § 80.70(a) reads as follows:

> (a) The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant. The prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.

8 GCA § 80.70(a).

Guam statute does not directly provide for dismissals with prejudice. The Guam Supreme Court, in examining a motion to dismiss under § 80.70(a), has stated that "the prosecutor is

[1] The People filed their original Submission Re: Dismissal Without Prejudice on June 12, 2025.

recognized as having a presumption of good faith in bringing the motion . . . and the motion should generally be granted as a matter of course." *People v. Gutierrez*, 2005 Guam 19 ¶¶ 51-52. However, this presumption is not absolute and "is rebutted upon a showing of a lack of good faith." *Id.* ¶ 53 (quoting *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982). Even were the presumption overcome by a showing of bad faith, "section 80.70(a) does not authorize trial courts to *sua sponte* dismiss indictments with prejudice." *Id.* ¶ 69. "[T]he [only] options available to a court upon a finding of bad faith by the prosecution in bringing a Title 8 GCA § 80.70(a) motion are to either grant or deny the motion [to dismiss without prejudice]." *Id.* ¶¶ 74-75.

The Court's analysis of whether to grant dismissal with or without prejudice begins with the reasons for the dismissal as provided by 8 GCA § 80.70(a). § 80.70(a) permits prosecutors to move for dismissal but must provide reasoning to do so. Upon the People's filing of the Motion on May 19, 2025, and their representations at the May 20, 2025 Pre-Trial Conference, the People moved to dismiss the matter without prejudice because of the Victim's unavailability. *See Ppl.'s Mot. to Dismiss Without Prejudice* (May 19, 2025); *see also Min. Entry* (May 20, 2025). Pursuant to *Gutierrez*, the Court granted the dismissal "as a matter of course" based on a good-faith presumption. *Gutierrez*, ¶51-52.

Upon the Defendant's request to dismiss this matter with prejudice, the burden shifts to the Defendant to rebut that good-faith presumption. *Id.* ¶ 53. Although the Defendant cites to caselaw on the issue of dismissal with prejudice due to a violation of speedy trial rights, the Defendant does not argue a violation of his speedy trial rights, but rather that dismissal with prejudice is warranted because of the Victim's unlikely return to this jurisdiction due to a pending warrant for the Victim's arrest in a criminal matter. *See Deft.'s Brief* at 3. In a finding of bad faith, courts must find that the dismissal "was not within the public interest." *Gutierrez*, ¶ 54. Here, the Court finds that the

Defendant has failed to meet this burden. The People moved this Court to dismiss based on victim unavailability – the Court finds that such a request is not outside the interests of the public. The Court finds that it is not impossible for the Victim to return to Guam despite an issued warrant for her arrest. Further, the People have the burden of proof to prove Defendant Arana's guilt beyond a reasonable doubt, and the prosecution has discretion whether that burden can be met as prescribed in 8 GCA § 90.21(a).[2] Therefore, the Court finds a good-faith basis for the People's motion to dismiss this matter without prejudice.

Additionally, the Court notes that Defendant's speedy trial rights were still preserved. Jury Selection and Trial was scheduled for June 11, 2025. *See Criminal Trial Scheduling Order [Asserted]* (Apr. 18, 2025). Due to the Defendant's assertion of his speedy trial rights on April 18, 2025, the Court had sixty (60) days to bring the matter to trial, which would end on June 17, 2025.[3] The People's Motion was submitted twenty-nine (29) days before the expiration of Defendant's speedy trial clock. Therefore, the Court finds that the Defendant was not prejudiced by the rescheduling of trial dates in this matter.

Finally, the Defendant may file a Motion to Expunge Record after the statute of limitations in which the Government has to bring this matter to trial has elapsed without prosecution.[4][5]

---

[2] 8 GCA § 90.21(a). No person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.

[3] *See* 8 GCA § 80.60(a)(3).

[4] In Defendant's briefing, he requests, in the alternative, that the Defendant be permitted to expunge the matter when the statute of limitations has run. *See Deft.'s Brief* at 4. However, Guam caselaw is clear that any request for a criminal case expungement is a separate civil matter. *See People v. Lau*, 2007 Guam 4 ¶ 6 ("In the future, when a party requests expungement pursuant to 8 GCA § 11.10, he or she should do so in a separate civil case. The expungement proceeding will be a civil matter governed by civil rules, and an appeal of right will be available from a final civil judgment by the Superior Court under 7 GCA 3108(a)."); *see also People v. Ho*, 2009 Guam 18 ¶ 32 (Pursuant to the *Lau* opinion, expungement must be brought as a separate civil action.).

[5] *See* 8 GCA § 11.10(a) ("The official records of the Court, the Attorney General, and the police reports in connection therewith dealing with a violation or attempted violation by an adult of territorial law. . .*shall* be expunged. . .when the prosecuting attorney decides *not* to prosecute the offense, when the time for commencing the criminal action as prescribed by Chapter 10 of this title has passed. . .") (emphasis in original).

## CONCLUSION

For the above reasons, the People's Motion to Dismiss without Prejudice is **GRANTED**.

**SO ORDERED** this _____10/13/2025_____

_____

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam


## ORDER FOR DISMISSAL WITHOUT PREJUDICE; CLOSING CASE

Pursuant to this Court's Decision and Order, **IT IS HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. This case is now **CLOSED**.

**SO ORDERED** this _10/13/2025_.

_____

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam